**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50346 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03180-DMS |
| v. | |
| JOSE BERNAL VALDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Jose Bernal Valdez appeals from the district court's order denying his

motion to dismiss his indictment charging him with being an alien found in the

United States after deportation, in violation of 8 U.S.C. § 1326. We have

jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Valdez contends that the district court erred in denying his motion to dismiss the indictment because the underlying removal hearing violated his due process rights. Specifically, Valdez argues that the immigration judge ("IJ") violated his rights by failing to inform him that he might be eligible for relief from removal under sections 245(a) and 212(c) of the Immigration and Nationality Act.

The district court properly denied the motion to dismiss the indictment because Valdez has not shown that his due process rights were violated by defects in the underlying immigration proceeding, and because there was no prejudice as a result of any alleged defects. *See United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2003); *see also United States v. Moriel-Luna*, 585 F.3d 1191, 1197 (9th Cir. 2009) ("We do not require IJs to speculate about the possibility of anticipated changes of circumstances and advise aliens of facts not suggested in the record.").

**AFFIRMED.**

10-50346